# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN SIMS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE, JAMES RIELAND and JAMES TROZZI<br>　　　　　　　　　　　　Defendants. | 2:10-cv-151 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are DEFENDANTS THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE AND JAMES RIELAND'S MOTION TO DISMISS COUNT I OF THE CORRECTED AMENDED COMPLAINT AND ALL CLAIMS AGAINST DEFENDANT RIELAND (Document No. 15) and the MOTION TO DISMISS (Document No. 19) filed by the remaining Defendant, James Trozzi. Defendants have filed briefs in support of their respective motions (Document Nos. 16, 19), Plaintiff Alvin Sims has filed briefs in response and opposition to the motions (Document Nos. 27, 28), and they are ripe for disposition.

Factual and Procedural Background

Plaintiff Sims worked as an Adult Probation Officer for the Court of Common Pleas of Allegheny County, Pennsylvania Probation Office[1] for seventeen years. Defendant James Rieland was the Director of the Adult Probation Office. Defendant James Trozzi was the Manager of the House Arrest Unit prior to December 2007.

---

[1] Defendants clarify that the proper entity is the "Probation Department."

The factual background is taken from the averments in the "corrected" Amended Complaint and the attached Intake Questionnaire completed by Sims for the Pennsylvania Human Relations Commission (PHRC). Sims is African-American. In 2005, Sims experienced signs of anxiety, depression and panic attacks, which caused him to request a transfer from the House Arrest Unit, then managed by Trozzi. Trozzi believed that Sims was unfit for service and allegedly "poisoned the well" as to Sims' reputation. In particular, Sims avers that Trozzi influenced Rieland to form incorrect negative views of Sims, based on stereotypical views of race and mental illness. In December 2007, Sims was arrested and charged with possession of a small amount of marijuana. The Probation Department suspended Sims indefinitely. On May 13, 2008, Sims pled guilty to a summary offense of Disorderly Conduct. On July 3, 2008, the Probation Department terminated Sims' employment and has refused to reinstate him. The marijuana possession charge was withdrawn and was "expunged" on August 15, 2008. Sims alleges that other similarly situated persons have been treated differently and that pursuant to Department policy he should be reinstated.

On December 23, 2008, Sims completed a questionnaire at the PHRC office. Sims avers that he was told that the matter would be cross-filed with the EEOC. On January 13, 2008, the PHRC sent the information to the EEOC because the PHRC lacked jurisdiction to investigate the matter. The original Complaint in this action was filed on February 3, 2010. Defendants filed a motion to dismiss the original Complaint. Sims then filed an Amended Complaint in an effort to address the shortcomings identified by Defendants' motion, which counsel subsequently "corrected" in several respects. The "corrected" Amended Complaint asserts the following causes of action: (1) Title VII race discrimination claim against the Probation Department; (2) Rehabilitation Act § 504 claim against the Probation Department; and (3) Section 1983 claims against Trozzi and Rieland for discrimination based on race and/or disability.

Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

Legal Analysis

Defendants contend that: (1) the Title VII claim is barred because Sims did not file a timely charge with the EEOC; (2) the Title VII and race discrimination claims are barred because Sims has failed to point to similarly situated employees who were not terminated; (3) the disability discrimination claim against Rieland is barred because Sims does not aver that Reiland was aware of his disability; (4) Defendant Rieland is entitled to qualified immunity; and (5) Sims' claims

against Trozzi are barred by the statute of limitations. The Court will address these contentions seriatim. Defendants have not sought dismissal of the Rehabilitation Act claim against the Probation Department set forth in Count 2 of the Amended Complaint.

1. Has the Amended Complaint Adequately Pled a Timely EEOC Charge?

The parties agree that the PHRC does not have jurisdiction over Sims' claims against the Probation Department, and accordingly, that he was required to file a charge with the EEOC within 180 days of the alleged unlawful employment practice. *See, e.g., Benn v. First Judicial District of Pa.*, 2000 WL 1236201 (E.D. Pa. 2000), *aff'd* 426 F.3d 233 (3d Cir. 2005). In this case, Sims completed a questionnaire at the PHRC on December 23, 2008 (which was within 180 days of his termination on July 3, 2008), but the questionnaire was not sent to the EEOC until January 13, 2009 (after the 180 days had expired).

Defendants cite 29 C.F.R. § 1601.13(a)(2) for the proposition that "[c]harges over which [the PHRC] has no subject matter jurisdiction are filed with the [EEOC] **upon receipt** and are timely filed if **received** by the [EEOC] within 180 days from the date of the alleged violation." (Emphasis added). Defendants acknowledge that 29 C.F.R. § 1601.13(b) applies to charges that are initially presented to state agencies such as the PHRC, but contends that Sims did not adequately request that his charge be presented to the EEOC.

In response, Sims points out that the Amended Complaint ¶ 25 avers that he was "told that the matter presented to the PHRC would be crossfiled with the EEOC." Presumably, Sims contends that this statement obviated his need to specifically request such a cross-filing. In addition, Sims argues that he should be entitled to equitable tolling because he timely but mistakenly asserted his rights in the wrong forum. Plaintiff contends that, at a minimum, he should be entitled to take discovery in an effort to establish the timeliness of his charge under

5

either of these theories.

The Court agrees with Plaintiff. The allegations of the Amended Complaint regarding the timeliness of his PHRC charge are sufficient to survive a motion to dismiss. In particular, reading the Amended Complaint in the light most favorable to Sims, it is reasonable to infer that he requested cross-filing with the EEOC. Defendants will be entitled to renew these contentions, if warranted, at the summary judgment stage based upon a more fully-developed record.

2. Has the Amended Complaint Adequately Pled "Similarly Situated" Employees?

Defendants contend that the race discrimination claims under Title VII and Section 1983 are fatally flawed because the Amended Complaint does not identify any "similarly situated" employees of a different race who were not terminated. Defendants emphasize the impact of Sims' guilty plea to Disorderly Conduct. Sims emphasizes the expungement of his marijuana charge.

The Amended Complaint identifies four alleged comparators, S.W., B.D., J.M., and B.S. Defendants argue that S.W. and B.D. are not similarly situated because they were charged with DUI and completed an ARD program in which an offender neither pleads guilty nor is convicted, while Sims has a criminal record. Defendants contend that J.M. is not a valid comparator because his arrest for marijuana possession occurred prior to his employment by the Probation Department and his record was expunged.[2] Finally, Defendants contend that B.S. cannot serve as a valid comparator because the Amended Complaint does not allege that he is a different race than Sims.

Plaintiff contends that the Amended Complaint adequately alleges the existence of similarly situated white employees who were treated differently. The question of whether other employees are "similarly situated" is fact-intensive. *Monaco v. American General Assur. Co.*,

---

[2] These facts regarding J.M. are not found in the Amended Complaint, but instead, are asserted by defense counsel in the brief.

359 F.3d 296, 306 (3d Cir. 2004). The Amended Complaint avers that according to the policy of the Probation Department, he should have been reinstated.

At this stage of the proceeding, after giving all reasonable inferences in favor of Plaintiff, the Court concludes that he is entitled to engage in discovery as to whether the alleged comparators are, in fact, similarly situated. Defendants may renew their contentions, if warranted, through motions for summary judgment based upon a more fully-developed record.

    3. Has Plaintiff Adequately Pled That Rieland Was Aware of Sims' Disability?

Defendants argue that the disability-based equal protection claim against Rieland must be dismissed because the Amended Complaint fails to aver that Rieland had knowledge of Sims' alleged disability. Sims points to ¶ 16 of the Amended Complaint, which avers that Rieland held an "incorrect negative view of Sims based upon stereotypical views of . . . mental illness." The Amended Complaint further avers that Trozzi "poisoned the well" by influencing Rieland. Read in the light most favorable to Plaintiff, it is reasonable to infer from the Amended Complaint that Rieland was aware of Sims' alleged disability.[3] Accordingly, this claim will not be dismissed.

    4. Is Rieland Entitled to Qualified Immunity as a Matter of Law?

Defendants contend that Rieland is entitled to qualified immunity because Plaintiff has failed to state a cognizable constitutional violation. For the reasons set forth above, the Court concludes that the constitutional claims asserted in the Amended Complaint against Rieland are cognizable. Accordingly, the premise upon which Rieland seeks qualified immunity has not been established.

---

[3] The Court has not considered the letter attached to Plaintiff's responsive brief.

5. Has the Amended Complaint Adequately Pled Timely Claims vs. Trozzi?

Based on the allegations in the Amended Complaint Defendant, Trozzi argues that the Section 1983 claim against him is untimely. The Amended Complaint avers the following: (1) in "late 2005" Sims experienced signs of anxiety and depression and panic attacks and Trozzi "treated him differently from other employees who did not suffer from a mental disability"; (2) by December 2007, when Sims was arrested, Trozzi was no longer Manager of the House Arrest Unit; (3) Trozzi "**had** poisoned the well" and "**had** influenced Rieland" (emphasis added) – in context, these alleged actions by Trozzi occurred prior to December 2007. The original Complaint in this case was filed in February 2010. In his response brief, Sims reiterates that Trozzi discriminated against him at the time he worked in the House Arrest Unit, and that Trozzi "had already influenced James Rieland's perception" prior to the December 2007 arrest.

In essence, Sims is advancing a "subordinate bias" or "cat's paw" theory, by alleging that Trozzi influenced the decision to terminate Sims' employment. Sims also argues that he has stated a "continuing violation" theory, as recognized in *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476 (3d Cir. 1997). He further argues in his response brief that he did not realize that he was being discriminated against until he was terminated in July 2008.

A statute of limitations defense may be asserted at the motion to dismiss stage where it is clear from the face of the complaint that the claims are time barred. *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). It is well-established that the statute of limitations applicable to Section 1983 claims is based on Pennsylvania tort law for personal injury claims. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). Therefore, Section 1983 claims are subject to a two-year statute of limitations, as set forth in 42 Pa.C.S.A. § 5524. A Section 1983 claim accrues at the time when the injury is sustained, that is, "when the plaintiff has a complete and present cause of action." *Koehnke v. City of McKeesport*, 350 Fed.

Appx. 720, 723 (3d Cir. 2009) (unpublished) (*citing Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (internal quotations and citations omitted).

The Court concludes that the claims against Trozzi are barred by the two-year statute of limitations. It is clear from the face of the Amended Complaint that all of Trozzi's alleged conduct occurred prior to December 2007, more than two years prior to the filing of the original Complaint in this case. Indeed, the Amended Complaint does not allege that Trozzi had any interactions whatsoever with Sims or Rieland within the limitations period. Sims has not pled any basis for tolling the limitations period – to the contrary, Amended Complaint ¶ 13 alleges that Trozzi began to treat Sims differently from other employees in 2005. In sum, Sims has not pled a plausible cause of action against Trozzi, and therefore, this action will be dismissed as to Defendant James Trozzi.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALVIN SIMS, Plaintiff, v. COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE, JAMES RIELAND and JAMES TROZZI Defendants. | 2:10-cv-151 |
|---|---|

## ORDER OF COURT

AND NOW this 30th day of September, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANTS THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE AND JAMES RIELAND'S MOTION TO DISMISS COUNT I OF THE CORRECTED AMENDED COMPLAINT AND ALL CLAIMS AGAINST DEFENDANT RIELAND (Document No. 15) is **DENIED;** and the MOTION TO DISMISS (Document No. 19) filed by Defendant James Trozzi is **GRANTED** and he is hereby dismissed from the case.

The caption of this action is hereby amended as follows:

| ALVIN SIMS, Plaintiff, v. COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE, and JAMES RIELAND, Defendants. | 2:10-cv-151 |
|---|---|

The remaining Defendants shall Answer the Amended Complaint on or before October 14, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Edward A. Olds, Esquire
Email: edolds@earthlink.net

Michael P. Daley, Esquire
Email: legaldepartment@pacourts.us

Caroline Liebenguth, Esquire
Email: cliebenguth@county.allegheny.pa.us
Michael H. Wojcik, Esquire
Email: mwojcik@county.allegheny.pa.us